BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM J. GULLOTTA (CTBN 423420)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3703
    Facsimile: (510) 637-3724
    William.Gullotta@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CR 16-00203 JSW |
|---|---|
| Plaintiff, | ) [PROPOSED] ORDER OF DETENTION |
| v. | ) |
| ALVIN WILLFORM, | ) |
| Defendant. | ) |

The defendant, Alvin Willform, is charged in this case with a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and ammunition. On May 17, 2016, at the Initial Appearance in the above-referenced matter, the government moved for the pretrial detention of the defendant, pursuant to 18 U.S.C. § 3142, and requested a hearing. On May 20, 2016, the Court held a detention hearing. The Court has carefully considered the proffers of the government and the defendant's counsel, the factors set forth in 18 U.S.C. § 3142(g), and the information contained in the bail study prepared by the U.S. Pretrial Services Agency, which recommends that the defendant be detained pending trial. The Court finds by clear and convincing evidence that releasing the defendant prior to trial in this matter would not reasonably assure the safety of the community, and therefore the defendant is a danger to the community. For the reasons set forth below, as well as those stated on the

[PROPOSED] ORDER OF DETENTION
CR 16-00203 JSW

record on May 20, 2016, the Court concludes that no conditions or combination of conditions could be fashioned in order to properly protect the community if he is released. Therefore, the Court orders that the defendant be detained.

## I. LEGAL STANDARD

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. The judicial officer may detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. *United States v. Salerno*, 481 U.S. 739 (1987). Additionally, the judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## II. ANALYSIS

For the reasons stated on the record on May 20, 2016, the Court finds that the government has met its burden to establish that the defendant is a danger to the community. The defendant has a number of prior convictions, including convictions for threatening a crime with the intent to terrorize, attempted burglary, and possession of crack cocaine for sale. The defendant has also previously violated the conditions of his parole and/or probation. The government also offered evidence that, since his arrest on December 21, 2015, the defendant has again been in possession of a firearm and used marijuana while released on bail in California Superior Court, where he faces similar charges for the conduct alleged in this case. The defendant also did not present at the detention hearing adequate sureties or a suitable place for him to reside if he were to be released. While the defense suggested that the defendant could reside in a halfway house pending trial in this case, based on his multiple failures to comply with conditions set by other courts, as well as his prior convictions and apparent post-arrest conduct in this case involving videos of the defendant with firearms and marijuana, the Court is concerned that the defendant will not follow the Court's instructions and that his release would present a danger to the community.

[PROPOSED] ORDER OF DETENTION
CR 16-00203 JSW

### III. CONCLUSION

Having considered all of the relevant factors set forth in 18 U.S.C. § 3142(g), and for the reasons set forth herein, as well as those stated on the record on May 20, 2016, the Court hereby finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or others if the defendant is released. *See* 18 U.S.C. § 3142(f).

Therefore, the Court ORDERS that the defendant be detained.

IT IS SO ORDERED.

DATED: June _6_, 2016

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] ORDER OF DETENTION
CR 16-00203 JSW